IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

FILED

AUG 2 2 1994

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By:_____
Deputy Clerk

ALVIN D. NEIGHBORS, )
        Plaintiff, )
         )
vs. ) No. CIV 93-900-S
         )
DONNA E. SHALALA, )
Secretary of )
Health and Human Services, )
        Defendant. )

## FINDINGS AND RECOMMENDATION

This is an action brought by the plaintiff, Alvin D. Neighbors, pursuant to §205(g) of the Social Security Act, 42 U.S.C. §405(g), to obtain judicial review of the final determination of the Secretary of Health and Human Services denying Plaintiff's claim for disability insurance income benefits.

## BACKGROUND

Plaintiff was born July 22, 1950 (Tr. 38) and was 43 years old at the time of the Administrative Hearing (Tr. 38). Plaintiff has received his G.E.D., (Tr. 40) and has past relevant work experience as a tool room attendant in a paper mill, a maintenance worker in an apartment building, and a painter (Tr. 41).

Plaintiff filed claims for disability benefits and supplemental security income benefits alleging disability since November 1, 1990 (Tr. 63-67). Pursuant to Plaintiff's request, a hearing de novo was held before an Administrative Law Judge (ALJ). On June 8, 1993, a denial decision was issued (Tr. 12-27). The Appeals Council denied Plaintiff's request for review of the hearing decision on October 8, 1993 (Tr. 3-4). The decision of the ALJ therefore became the final decision of the Secretary, of which Plaintiff now seeks judicial review pursuant to 42 U.S.C. §405(g). After

considering the evidence, the ALJ made findings of fact which included in relevant part:

> The Administrative Law Judge finds the claimant can perform medium exertional activity. This is based on the functional capacity assessment performed by the Holt-Krock Clinic and shown in Exhibit 14. The Administrative Law Judge notes that the claimant's treating physician, Dr. Cheyne, agreed with this assessment (Exhibit 13). The functional capacity assessment stated that the claimant was capable of performing medium work. Medium work was defined by this physician as lifting and carrying no more than 50 pounds, with frequent lifting and carrying of up to only 25 pounds. Medium work was further defined as being able to do frequent lifting and carrying of up to 25 pounds. The criteria also required the claimant to perform standing and walking, off and on, for a total of approximately 6 hours in an 8-hour work day. Sitting could occur intermittently during the remaining 2 hours. It is noted that medium work jobs require the use of arms and hands to grasp, hold and turn objects. In another words, the criteria used by the Holt-Krock Clinic is consistent with that used by the Secretary to determine the claimant's level of exertion.

(Tr. 22).

I.

The court, in its review, has been granted power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Secretary, with or without remanding the case for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. In this action, the plaintiff alleges the record does not support the determination of the Secretary by substantial evidence. Substantial evidence is more than a scintilla, but less than a preponderance; it is such evidence that a reasonable mind might accept to support the conclusion. <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971).

Court review of the Secretary's denial of Social Security disability benefits is limited to a consideration of the pleadings and the transcript

filed by the Secretary as required by 42 U.S.C. 405(g). This court is not permitted to conduct a trial de novo but is obligated to determine whether there is substantial evidence in the record to support the Secretary's decision. *Weakly v. Heckler*, 795 F.2d 64 (10th Cir. 1986), *Cagle v. Califano*, 638 F.2d 219 (10th Cir. 1981); *Tillery v. Schweiker*, 713 F.2d 601 (10th Cir. 1983).

The transcript of the original proceeding has been carefully reviewed by the Magistrate Judge. The principal issue presented herein is whether the record, by substantial evidence, sustains the finding that the plaintiff was not under a disability as defined by the Social Security Act.

42 U.S.C. §423(d)(1)(A) defines disability as, inter alia, the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." The Secretary evaluates disability claims by a five-step process set out in 20 C.F.R. §§404.1520, 416.920 (1986). The implementation of this sequential evaluation requires an ALJ to consider the following:

1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 CFR 404.1520(b) and 416.920(b));

2. An individual who does not have a "severe impairment" will not be found to be "disabled" (20 CFR 404.1520(c) and 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 CFR 404.1520(d) and 416.920(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled," must be made (20 CFR 404.1520(e) and 416.920(e));

5. If an individuals' impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (20 CFR 404.1520(f) and 416.920(f)).

If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary. A challenge to the ALJ's determination under step four of the evaluation process is raised on appeal.

II.

The issue raised on appeal concerns the question of whether there is substantial evidence to support the finding that Plaintiff can perform his past relevant work. The ALJ specifically found:

> The Administrative Law Judge finds that the claimant's work as a maintenance worker and as a painter has been performed within the past 15 years. The residency requirement has been met. The claimant's work as a maintenance worker, and as a painter, was performed for long enough periods of time for the claimant to have learned how to properly perform the job tasks. The work was also performed at substantial gainful activity levels. The Administrative Law Judge finds that the claimant's past work as a maintenance worker and a painter is past relevant work. As noted above, this work is compatible with the claimant's residual functional capacity assessment. Accordingly, the Administrative Law Judge finds that the claimant can return to his past relevant work as a maintenance worker and as a painter. Because the claimant can perform his past relevant work, he fails to meet the basic definition of disability (20 CFR 404.1505). Therefore, the Administrative Law Judge finds that the claimant is "not disabled" and has not been disabled for any time relevant to this decision.

(Tr. 26).

The standard of review of administrative decisions by the Secretary is that the "findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. §405(g) (1982). The

meaning of "substantial evidence" has been explained by the Supreme Court in Richardson v. Perales, 402 U.S. 389, 401 (1971), as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). As this court has observed, it is not appropriate to weigh the evidence or substitute the discretion of the court for that of the agency. Cagle v. Califano, 638 F.2d 219 (10th Cir. 1981).

Plaintiff's treating physician also found Plaintiff was capable of performing his past relevant work as a maintenance worker and a painter (Exhibit 13). Further, the functional capacity by the Holt-Krock Clinic assessment performed by the Holt-Krock Clinic found that Plaintiff was capable of performing medium work (Exhibit 14). The ALJ also noted:

> The Administrative Law Judges notes that by review of the medical evidence and by testimony, the claimant is not taking any medications at this time. This includes medications for control of his diabetes or control of any pain allegations. The claimant, it is noted, has a driver's license without any restrictions upon it. The claimant drives daily. The claimant says he does not take pain medications because he cannot afford it. However, the claimant can afford to smoke three packs of cigarettes a day. Obviously, the claimant's pain is not so severe that it requires the claimant to no longer spend his discretionary income on tobacco products. The claimant arises between 6:00 and 6:30 every day. The claimant is in charge of getting his wife and children up and off to school and work. The claimant does three loads of laundry a day. The claimant washes and stacks the dishes. The claimant also watches his children play baseball and visits in his home (Exhibit 9).
>
> The Administrative Law Judges notes that the claimant does not demonstrate any sign of muscle wasting or atrophy. Claimant was described as well muscled. The claimant is exercising all of his muscle groups sufficiently to keep them muscled and toned. It is obvious that the claimant is not favoring one group of muscles over another due to complaints of pain. This is a strong indication the claimant's pain is not as debilitating or disabling as he alleges. The claimant's failure to take medication for pain, his active lifestyle and his obvious lack of debilitation, convince the Administrative Law Judge that the claimant is not suffering from a debilitating or disabling pain syndrome.

(Tr. 24).

In summary, Plaintiff failed to prove that he had a medically determinable impairment that would prevent him from performing his past relevant work.

THEREFORE, pursuant to 42 U.S.C. §405(g), the Magistrate Judge finds and recommends that the decision of the Secretary's decision should be affirmed.

Parties are given ten (10) days from the date of service on counsel to file with the Clerk of the Court any objections, with supporting brief. Failure to object to the Findings and Recommendation within ten (10) days will preclude appellate review of the judgment of the district court based on such findings. 28 U.S.C. §636(b)(1), Federal Rules of Civil Procedure 72, 6(a) and 6(e), and Local Rule 32(d).

DATED this 22 day of August 1994.

JAMES H. PAYNE
UNITED STATES MAGISTRATE JUDGE